```
         IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF KANSAS
```

**ERNEST L. TAYLOR,**

                    **Petitioner,**

        **v.**                                             **CASE NO. 21-3088-SAC**

**SHANNON MEYER,**

                    **Respondent.**

## MEMORANDUM AND ORDER

This matter is a petition for writ of habeas corpus filed under 28 U.S.C. § 2254 on March 24, 2021. (Doc. 1.) The Court conducted an initial review of the petition under Rule 4 of the Rules Governing Habeas Corpus and concluded that the first five grounds for relief asserted in the petition appeared properly exhausted, but the final two did not. Accordingly, the Court issued an order directing Petitioner to advise the Court whether he wished to dismiss the unexhausted claims and proceed only on the exhausted ones or whether he preferred that this matter be dismissed in its entirety. (Doc. 5.) Petitioner has now advised the Court that he wishes to dismiss the unexhausted grounds for relief without prejudice "so that he may pursue those issues in state court," but he also wishes this Court to proceed on his exhausted grounds.

Before the Court complies with Petitioner's request, it cautions Petitioner of the potential consequences of doing so. If Petitioner proceeds on only the currently exhausted grounds for relief in this habeas action, it will limit his ability to file a

second § 2254 petition later raising additional issues such as Grounds 6 and 7, which he apparently intends to pursue in state court. *See Case v. Hatch*, 731 F.3d 1015, 1026 (10th Cir. 2013) ("The filing of a second or successive § 2254 application is tightly constrained."). Before filing a second or subsequent § 2254 petition in a federal district court, a petitioner must "move in the appropriate court of appeals for an order authorizing the district court to consider the application" and make a prima facie showing that the second or subsequent petition meets certain statutory requirements. *See* 28 U.S.C. § 2244(b).

If Petitioner wishes, he may instead inform the Court that he prefers that this matter be dismissed without prejudice so that he may refile after exhausting Grounds 6 and 7 in state court. In that situation, however, Petitioner should remain aware of the one-year timeline for filing a § 2254 petition, at least part of which appears to have already expired. *See* 28 U.S.C. §  2244(d)

A third option is for Petitioner to request that the Court stay the current petition and hold it in abeyance while Petitioner returns to state court to raise his unexhausted claims. A stay of this nature is only available if Petitioner has good cause for his failure to exhaust those claims, the unexhausted claims are potentially meritorious, and Petitioner did not intentionally delay pursuing the unexhausted claims. *See Rhines v. Weber*, 544 U.S. 269, 278 (2005). Thus, if Petitioner wishes to pursue this avenue, he must explain to the Court how this matter satisfies those requirements. He should also inform the Court whether he prefers dismissal of the unexhausted claims or dismissal of the matter as a whole if the Court decides he is not entitled to a stay.

In the interest of clarity and so that Petitioner may make a fully informed decision, the Court will direct Petitioner to inform the Court, in writing, on or before December 1, 2021, whether he still wishes to proceed in this matter only on the exhausted claims. If Petitioner decides that he would rather the Court dismiss this action without prejudice so that he may pursue state court remedies, he should so inform the Court. Finally, if Petitioner believes the Court should stay this matter while he returns to state court to exhaust available remedies on Grounds 6 and 7, he should explain to the Court how he has satisfied the three criteria set forth above. A failure to timely respond to this order will result in the Court dismissing Grounds 6 and 7 and proceeding in this matter only on the currently exhausted claims.

**IT IS THEREFORE ORDERED** that Petitioner is granted to and including December 1, 2021, to advise the Court whether he wishes to proceed on the exhausted claims only or he wishes the Court to dismiss this matter in its entirety without prejudice or, in the alternative, why he believes he is entitled to a stay of these proceedings while he exhausts state court remedies.

**IT IS SO ORDERED.**

DATED:  This 1st day of November, 2021, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge