IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ERNEST L. TAYLOR,**

                                         **Petitioner,**

            v.                                       **CASE NO. 21-3088-JWL**

**TIM EASLEY[1],**

                                         **Respondent.**

## MEMORANDUM AND ORDER

This matter began on March 24, 2021, when Petitioner and Kansas prisoner Ernest L. Taylor filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1.) Because two of the seven grounds for relief asserted in the petition were unexhausted, on November 24, 2021, this matter was stayed and held in abeyance while Petitioner returned to state court to exhaust all available remedies. (Doc. 13.) Since that time, Petitioner has consistently filed timely status reports updating this Court on the state-court proceedings. In his most recent status report, filed on April 11, 2024 (Doc. 44), Petitioner advises that the Kansas Court of Appeals has now entered a dispositive order in the related appeal. (Docs. 44 and 44-1.) Thus, Petitioner asks this Court to move forward with the federal habeas matter. (Doc. 44, p. 1.)

The Court will liberally construe the pleading as a motion to lift the stay and will grant the motion. Petitioner will be granted 30 days to and including May 13, 2024, to either submit any supplemental briefing on the recently exhausted Grounds Six and Seven or to advise the Court that

---

[1] The proper respondent in a federal habeas action by a state prisoner is the person who has custody over the petitioner. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("[I]n habeas challenges to present physical confinement ... the default rule is that the proper respondent is the warden of the facility where the prisoner is being held."). Thus, Tim Easley, the current warden of Larned State Correctional Facility, where Petitioner is confined, is hereby substituted as Respondent pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts and Rules 25(d) and 81(a)(4) of the Federal Rules of Civil Procedure.

he does not wish to submit any additional briefing on those asserted grounds for relief. Petitioner is advised that any briefing submitted should be limited only to arguments on the recently exhausted grounds for relief. After receiving the additional briefing or the written notice that Petitioner does not wish to submit additional briefing, the Court will issue further orders as necessary. If the time passes without response from Petitioner, the Court will direct Respondent to file an answer to the petition as it was filed on March 24, 2021.

**IT IS THEREFORE ORDERED** that Tim Easley, Warden of Larned State Correctional Facility, where Petitioner is confined, is substituted as Respondent in this matter.

**IT IS FURTHER ORDERED THAT** the status report (Doc. 44) is liberally construed as a motion to lift the stay of this matter and is **granted**. The stay of this matter is lifted. Petitioner is granted to and including May 13, 2024 to either (1) submit additional written argument limited to Grounds Six and Seven, which are the recently exhausted grounds for relief; or (2) submit a written statement that he does not wish to provide additional argument on those grounds for relief. If Petitioner does not timely comply with this order, the Court will enter an order setting a deadline for Respondent to file his answer to the petition as it was originally filed.

**IT IS SO ORDERED.**

DATED:  This 11th day of April, 2024, at Kansas City, Kansas.

S/ John W. Lungstrum

JOHN W. LUNGSTRUM
United States District Judge