**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**ERNEST L. TAYLOR,**

**Petitioner,**

**v.**                                          **CASE NO. 21-3088-JWL**

**TIM EASLEY,**

**Respondent.**

**<u>NOTICE AND ORDER TO SHOW CAUSE</u>**

This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner Ernest L. Taylor, a state prisoner incarcerated at Larned State Correctional Facility in Larned, Kansas. When Petitioner filed his petition in March 2021, he asserted seven grounds for relief but conceded that Grounds Six and Seven had not been exhausted in state court. (Doc. 1, p. 20-25.) In September 2021, United States Senior District Judge Sam A. Crow issued an order explaining to Petitioner that a petition including both exhausted and unexhausted claims is referred to as a "mixed petition" and that federal district courts have limited options for how to handle mixed petitions. (Doc. 5, p. 1-2.) Judge Crow therefore directed Petitioner to advise whether he wished to dismiss Grounds Six and Seven and proceed on the remaining, exhausted claims, or whether he wished this matter to be dismissed in its entirety. *Id.* at 2.

Petitioner responded that he wished to dismiss Grounds Six and Seven so that he could pursue those issues in state court but he also asked to proceed in this federal habeas matter on Grounds One through Five. (Doc. 10.) Judge Crow then issued an order explaining to Petitioner that if he proceeded only on the currently exhausted grounds, he might not later be allowed to seek federal habeas relief on the currently unexhausted grounds due to the constraints on filing second

1

or successive petitions for relief under § 2254. (Doc. 11, p. 1-2.) Petitioner moved to stay this matter and hold it in abeyance while he returned to state court to exhaust Grounds Six and Seven. (Doc. 12.) On November 24, 2021, Judge Crow granted the motion and stayed this case.(Doc. 13.)

Thereafter, Petitioner regularly filed status reports regarding his state court proceedings; during that time, this case was reassigned to the undersigned. (*See* Docs. 17-44.) In April 2024, Petitioner informed the Court that the related state-court proceedings were final. (Doc. 44.) The Court then allowed Petitioner time in which to submit additional argument regarding Grounds Six and Seven, which were now exhausted. (Doc. 53.) Petitioner filed his supplemental brief (Doc. 54) on August 14, 2024. Thus, the petition and arguments in support thereof are now complete.

Rule 4 of the Rules Governing § 2254 Cases in the United States District Court requires the Court to promptly review a habeas petition and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254. In addition, "'[a] threshold question that must be addressed in every habeas case is that of exhaustion.'" *Fontenot v. Crow*, 4 F.4th 982, 1018 (10th Cir. 2021) (quoting *Harris v. Champion*, 15 F.3d 1538, 1553 (10th Cir. 1994)).

As noted above, the petition stated that Grounds Six and Seven had not been raised to the state courts while asserting that Grounds One through Five were exhausted, and the orders that followed focused on the exhaustion of Grounds Six and Seven. At this time, the Court continues the Rule 4 review. In doing so, because Petitioner is proceeding pro se, the Court liberally construes the petition, but it may not act as Petitioner's advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). "[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d

836, 840 (10th Cir. 2005).

As an initial matter, the Court notes that the petition consists of 52 pages with an additional 4 pages of attached exhibits. (Doc. 1.) Pages 1 through 14 are the required, court-approved form used for petitions under 28 U.S.C. § 2254. Pages 15 through 25 make up an "addendum" that adds facts and argument in support of Grounds One through Four and presents Grounds Five, Six, and Seven. Pages 26 through 52 appear to contain the same information as pages 1 through 25, just not on the required form. Thus, to avoid confusion, the Court will refer only to pages 1 through 25— and the exhibits, if necessary—of the petition. If Petitioner does not agree to this treatment of the petition, he should so inform the Court in his response to this order.

### Grounds One through Five

The Court offers no opinion on the merits of Grounds One, Two, Three, Four, or Five and concludes only that an initial screening shows that Rule 4 does not require their dismissal.

### Grounds Six and Seven

As noted above, Grounds Six and Seven were not raised in the state courts until relatively recently, by way of Petitioner's motion for relief in the Shawnee County District Court. The state district court denied the motion as successive and untimely. (*See* Doc. 24-1, p. 5-6.) Petitioner appealed, and the KCOA summarily affirmed the denial. (*See* Doc. 44-1.)

The purpose of the exhaustion requirement is to "give state courts a fair opportunity to act on [a Petitioner's] claims." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1989)). Thus, when "the claim has been presented [in the state court] for the first and only time in a procedural context in which its merits will not be considered," a federal habeas court will not consider the claim, "unless there are special and important reasons therefor." *Castille*, 489 U.S. at 351. "A state procedural rule is independent if it relies on state law,

rather than federal law, as the basis for the decision." *Finlayson v. State*, 6 F.4th 1235, 1238 (10th Cir. 2021) (internal quotation marks omitted). "To qualify as an 'adequate' procedural ground, a state rule must be 'firmly established and regularly followed.'" *Walker v. Martin*, 562 U.S. 307, 316 (2011) (quoting *Beard v. Kindler*, 558 U.S. 53, 60-61 (2009)).

Here, the state district court first held that, under K.S.A. 60-1507(f), the case in which Petitioner presented Grounds Six and Seven was untimely filed. (Doc. 24-1, p. 4-5.) As this Court has previously recognized, the time limitation in K.S.A. 60-1507(f) is "an independent and adequate state procedural bar" in this context. *See Francis v. Cheeks*, 2022 WL 3018069, *12 (D. Kan. July 29, 2022) (unpublished). The state district court also found that the case was successive. (Doc. 24-1, p. 5-6.) This Court has long recognized that "[t]he successive motion rule [under K.S.A. 60-1507(c)] is firmly established and is regularly followed in Kansas courts. This is an independent and adequate state procedural ground which bars this Court's reconsideration of [a] claim." *Gleason v. McKune*, No. 11-3110-SAC, 2012 WL 2952242, at *11 (D. Kan. July 19, 2012) (unpublished); *see also Francis*, 2022 WL 3018069, at *16 (quoting *Gleason* for the same). Thus, Grounds Six and Seven were "presented [in the state court] for the first and only time in a procedural context in which its merits will not be considered," and therefore they are procedurally defaulted. *See Castille*, 489 U.S. at 351.

Federal courts considering habeas petitions filed by state prisoners "do not review issues that have been defaulted on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998); *see also Fontenot v. Crow*, 4 F.4th 982, 1028 (10th Cir. 2021) (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). To demonstrate cause for the default, Petitioner must show that some objective factor external to the

defense impeded his ability to raise the claim to the state courts in the procedurally correct manner. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). He also must show "actual prejudice as a result of the alleged violation of federal law." *See Coleman*, 501 U.S. at 750.

In the alternative, the procedural default also may be excused if Petitioner can show that the failure to consider the defaulted claim would result in a fundamental miscarriage of justice. To proceed under this exception, Petitioner "must make a colorable showing of factual innocence." *See Beavers v. Saffle*, 216 F.3d 918, 923 (10th Cir. 2000). "This exception to the general rule barring consideration of defaulted claims "is a markedly narrow one, implicated only in extraordinary cases where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Magar v. Parker*, 490 F.3d 816, 820 (10th Cir. 2007) (brackets and internal quotation marks omitted). A petitioner seeking relief under a defaulted claim and asserting a claim of innocence must show that "in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 536-37 (2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

The documents now before this Court do not demonstrate either cause and prejudice or a colorable claim of actual innocence that would allow the Court to consider the merits of Grounds Six and Seven, which were procedurally defaulted because Petitioner raised them to the state courts in a way that was barred by independent and adequate state procedural rules governing K.S.A. 60-1507 motions. The Court will therefore direct Petitioner to show good cause, in writing, why Grounds Six and Seven of this federal habeas matter should not be dismissed as procedurally defaulted. If Petitioner fails to file a timely response to this order, Grounds Six and Seven may be dismissed without further prior notice to Petitioner.

**IT IS THEREFORE ORDERED** that Petitioner is granted to and including **September 23, 2024**, in which to show good cause, in writing, why Grounds Six and Seven of this matter should not be dismissed as procedurally defaulted. If Petitioner fails to do so or fails to timely respond to this order, Grounds Six and Seven will be dismissed without further prior notice to Petitioner.

**IT IS SO ORDERED.**

DATED:   This 19th day of August, 2024, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge