## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**ERNEST L. TAYLOR,**

**Petitioner,**

**v.**                                                          **CASE NO. 21-3088-JWL**

**TIM EASLEY,**

**Respondent.**

### MEMORANDUM AND ORDER

This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner Ernest L. Taylor, a state prisoner incarcerated at Larned State Correctional Facility in Larned, Kansas. When Petitioner filed his petition in March 2021, he asserted seven grounds for relief but conceded that Grounds Six and Seven had not been exhausted in state court. (Doc. 1, p. 20-25.) In November 2021, at Petitioner's request, United States Senior District Judge Sam A. Crow stayed this matter and held it in abeyance while Petitioner returned to state court to exhaust Grounds Six and Seven. (Docs. 12 and 13.) In April 2024, Petitioner informed the Court that the related state-court proceedings were final, after which the Court allowed Petitioner to submit a supplemental brief regarding the newly exhausted Grounds Six and Seven. (Docs. 44, 53, and 54.) Once the supplemental brief was filed, the Court undertook the review required by Rule 4 of the Rules Governing § 2254 Cases in the United States District Court.

Rule 4 requires the Court to review a habeas petition and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254. Because Petitioner is proceeding pro se, the Court liberally construes the petition, but it may not act as Petitioner's

advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). "[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). The Court concluded that Grounds One, Two, Three, Four, and Five passed the initial Rule 4 review. (Doc. 55, p. 3.)

Ground Six, which is based upon trial testimony referring to Petitioner's criminal history, and Ground Seven, which alleges ineffective assistance of counsel, however, raised exhaustion concerns. (*See* Doc. 1, p. 20-25 (setting forth Grounds Six and Seven).) The purpose of the exhaustion requirement is to "give state courts a fair opportunity to act on [a Petitioner's] claims." *O'Sullivan v. Boerckel*, 526 U.S. 838, 834 (1999) (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1989)). The United States Supreme Court has held that before a state prisoner may pursue federal habeas relief on the grounds that his federal constitutional rights have been violated, "the federal claim must be fairly presented to the state courts." *Picard v. Connor*, 404 U.S. 270, 275 (1971). States must be allowed the "opportunity to pass upon and correct" alleged violations of state prisoners' rights, even when the rights in question are guaranteed by the United States Constitution. *Id.* at 275-76.

Grounds Six and Seven of this case were raised to the state courts via a K.S.A. 60-1507 motion that the state courts ultimately denied as successive and untimely without addressing the merits of the claims. (*See* Doc. 55, p. 3). This means that Grounds Six and Seven were not "fairly presented" as required by the exhaustion doctrine. They were "presented [in the state court] for the first and only time in a procedural context in which its merits will not be considered," so they are considered "procedurally defaulted" and this Court cannot consider them "unless there are special and important reasons therefor." *See Castille v. Peoples*, 489 U.S. 346, 351 (1989).

On August 19, 2024, this Court issued a notice and order to show cause (NOSC) explaining

its conclusion that Grounds Six and Seven were procedurally defaulted and further noting that it cannot consider procedurally defaulted grounds for relief "'unless the default is excused through a showing of cause and prejudice or a fundamental miscarriage of justice.'" (Doc. 55, p. 3-4 (quoting *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998), and citing *Fontenot v. Crow*, 4 F.4th 982, 1028 (10th Cir. 2021)). After setting out the requirements for showing cause and prejudice or showing that the refusal to consider a claim would result in a fundamental miscarriage of justice, the NOSC granted Petitioner time in which to show good cause, in writing, why Grounds Six and Seven of this federal habeas matter should not be dismissed as procedurally defaulted. (Doc. 55, p. 4-6.)

Petitioner has timely filed a response to the NOSC. (Doc. 56.) Liberally construed, the response first asserts that Petitioner's trial attorney[1] or his direct-appeal attorney[2] should have raised the issue now in Ground Six to the state courts. *Id.* at 1. The United States Supreme Court has explained that in order for ineffective assistance of counsel to constitute "cause" that excuses a procedural default, "the assistance must have been so ineffective as to violate the Federal Constitution. In other words, ineffective assistance adequate to establish cause for the procedural default of some *other* constitutional claim is *itself* an independent constitutional claim" which "generally must 'be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." *Edwards v. Carpenter*, 529 U.S. 446, 452 (2000). Applied here, that means that for the ineffective assistance of counsel to be "cause" to excuse the procedural default of Ground Six, Petitioner must have argued to the state courts that counsel was ineffective

---

[1] In the response, Petitioner makes the "claim that Atty' Karns [*sic*] should have fil[ed] on the issue." (Doc. 56, p. 1.) In his petition, Petitioner identifies the attorney who represented him at trial and at sentencing as "John Kerns." (Doc. 1, p. 12.) Thus, the Court assumes that Petitioner in his response is referring to trial counsel.

[2] Petitioner also refers to Attorney "Karns'" failure to raise the issue on appeal (Doc. 56,. P. 2), so the Court liberally construes the response to also allege that ineffective assistance of counsel during Petitioner's direct appeal is cause for the procedural default.

for failing to raise Ground Six at the appropriate time.

Perhaps anticipating this, Petitioner advises in his response that he might now file in state court an ineffective assistance of trial counsel claim. (Doc. 56, p. 1.) This Court therefore considers whether it would be appropriate to stay this matter so that Petitioner may return to state court to pursue such a claim. It would not. Petitioner previously filed a K.S.A. 60-1507 motion in state court alleging ineffective assistance of trial and direct-appeal counsel, but he based it on other grounds. *See Taylor v. State*, 2020 WL 4722823, *2-3 (Kan. Ct. App. Aug. 14, 2020), *rev. denied* Mar. 18, 2021. Thus, any 60-1507 motion Petitioner pursues at this point in state court would likely be barred as successive under K.S.A. 60-1507(c) and untimely under K.S.A. 60-1507(f). Because Petitioner has not argued to the state courts that counsel was ineffective for failing to raise to the state appellate courts the arguments now in Ground Six and there does not appear to be a procedural avenue for Petitioner to now make that argument to the state courts, he may not use that alleged ineffectiveness as cause to overcome the procedural default of Ground Six.

Next, Petitioner advises that while he was incarcerated at Lansing Correctional Facility (LCF), the facility was placed on months-long lockdown due to COVID-19 and the prison library was closed due to staff illness. (Doc. 56, p. 1.) Petitioner also states that LCF was "on limited lockdown" due to violence and drugs at LCF, so the prison library was closed and inmates could not use the computers. *Id.* at 2. Then, Petitioner asserts, courts were closed after a cyberattack. *Id.* Petitioner also advises that he contracted COVID-19 and became very sick, so he was unable to move forward until he recovered. *Id.* The Court liberally construes this portion of the response to allege cause for the procedural default of Grounds Six and Seven.

The Court sympathizes with the difficulties Petitioner has experienced due to COVID-19, facility lockdowns, Petitioner's illness, and cyberattacks. Even when the response is liberally

construed, however, it does not identify an objective factor external to the defense that impeded Petitioner's ability to raise Grounds Six and Seven to the state courts at the appropriate time. Petitioner's direct appeal was final in November 2011, well before COVID-19 or cyberattacks disrupted the state court systems, and there is no indication that any LCF lockdown prevented Petitioner from raising Ground Six in his direct appeal or otherwise impeded his ability to raise Grounds Six and Seven at the proper time. Thus, through these assertions, Petitioner has not shown cause for the procedural default of Grounds Six and Seven.

Petitioner also asserts that the failure to consider his defaulted claims would result in a fundamental miscarriage of justice. (Doc. 56, p. 2.) As Petitioner accurately notes, in order to proceed under the fundamental miscarriage of justice exception, he "must make a colorable showing of factual innocence." *Beavers v. Saffle*, 216 F.3d 918, 923 (10th Cir. 2000). (*See* Doc. 56, p. 2.) In support of this assertion, Petitioner notes that he has "show[n] this court all the perjury testimony by the state and the victim." *Id.* Petitioner then states:

> Petitioner claim that a colorful claim of manifest of justice exceptional circumstances in this case well also allow this court to move forward with the issu[e] of using his criminal history in front of the jury at trial. Meaning of manifest of justice: under the-constitutional error: the principle that an arbitration award will be vacated if the arbitrator knows the applicable law and deliberately chooses to disregard it.

*Id.* at 2-3 (all errors in original).

Petitioner asserts that the victim and detective perjured themselves at trial and that the perjury was known to the prosecutor and, in the case of the victim, was committed at the direction of the prosecutor. *Id.* at 3. He also points out differences in the testimony of the detective when compared to the testimony of a sergeant, and repeats some of his arguments regarding the competency hearing sought in the state district court against Petitioner's wishes. *Id.* In short, Petitioner asserts that declining to consider the merits of Grounds Six and Seven would be a

fundamental miscarriage of justice, if the case is looked at as a whole. *Id.* at 4. He proposes that the Court ask "one question[:] Do we allow one side to lie and perjur[e] them self in the court of law to gain a conviction[?] [*sic*]" *Id.* at 4.

Despite Petitioner's request, that is not the question that determines whether this Court can consider the merits of procedurally defaulted claims raised in a § 2254 proceeding. Rather, the question before the Court is whether Petitioner has shown—by establishing cause and prejudice or by making a colorable claim that he is factually innocent—that this Court should consider the merits of Grounds Six and Seven, which are procedurally defaulted. Petitioner has not done so. Accordingly, Grounds Six and Seven must be dismissed.

As a final note, Petitioner asks that this case be reassigned to Judge Crow for further proceedings. (Doc. 56, p. 4.) Judge Crow retired in October 2022 and is no longer assigned to preside over cases in this Court. In addition, litigants generally have no right to have a case assigned to a particular judge. *See United States v. Pearson*, 203 F.3d 1243, 1256 (10th Cir. 2000); *United States v. Diaz*, 189 F.3d 129, 1243-45 (10th Cir. 1999) (citing 28 U.S.C. § 137(a)); *Walker v. Univ. of Colo. Bd. of Regents*, 162 F.3d 1175, *1 n.3 (10th Cir. 1998) (unpublished order and judgment) ("While a litigant may seek a recusal for a judge shown to be impartial, biased, or prejudicial, *see* 28 U.S.C. §§ 455(a) & 455 (b)(1), litigants have no right to demand that a particular judge hear their case."). Thus, to the extent that Petitioner seeks reassignment of this case to a specific judge, that request is denied. That being said, however, this case soon will be administratively reassigned to a different judge for the remainder of these proceedings.

The Court has completed reviewing the petition as required by Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts. The Court finds that:

1. Grounds Six and Seven are procedurally defaulted and Petitioner has not shown

6

entitlement to any exception to the general rule that federal habeas courts may not consider procedurally defaulted grounds for relief asserted by state prisoners.

2. Petitioner is presently a prisoner in the custody of the State of Kansas; and

3. Petitioner demands his release from such custody, and as grounds therefore alleges that he is being deprived of his liberty in violation of his rights under the Constitution of the United States, and he claims that he has exhausted all remedies afforded by the courts of the State of Kansas with respect to the arguments made in Grounds One through Five of his petition.

**IT IS THEREFORE ORDERED**

1. That Grounds Six and Seven of this matter are **dismissed with prejudice** as procedurally defaulted.

2. That pursuant to Rule 5 of the Rules Governing Section 2254 Cases, Respondent shall file an answer on or before **October 21, 2024** showing why the writ should not be granted based on the arguments in Grounds One through Five of the petition and attachments thereto.

3. That the answer should address:

   a. The necessity for an evidentiary hearing on Grounds One through Five as alleged in Petitioner's pleading;

   b. Whether the arguments in Grounds One through Five of the petition are barred by a statute of limitations or any other procedural bar; and

   c. An analysis of Grounds One through Five and any cases and supporting documents relied upon by Respondent in opposition to the same.

Respondent shall cause to be forwarded to the Court for examination and review the

records and transcripts, if available, of the criminal proceedings complained of by Petitioner. If a direct appeal of the judgment and sentence of the trial court was taken by Petitioner, Respondent shall furnish the records, or copies thereof, of the appeal proceedings and any subsequent postconviction proceedings.

4.   That upon the termination of the proceedings herein, the clerk of this Court will return to the clerk of the proper state court all state court records and transcripts.

5.   That Petitioner be granted to and including **November 21, 2024** to file a traverse—or reply—to the answer, admitting or denying, under oath, all factual allegations therein contained.

6.   That the clerk of this Court then return this file to the judge assigned to this matter for such other and further proceedings as may be appropriate; and that the clerk of this Court transmit copies of this order to Petitioner and to the office of the Attorney General for the State of Kansas.


**IT IS SO ORDERED.**

DATED:   This 20th day of September, 2024, at Kansas City, Kansas.


S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge